PEOPLE *v.* WIGLE.

CRIMINAL LAW—NEGLIGENT HOMICIDE—PUBLIC HIGHWAYS.
　　The prosecution of the statutory offense known as negligent homicide is limited to offenses upon the public highways (CL 1948, § 750.324).

Appeal from the Recorder's Court for the City of Detroit, Traffic and Ordinance Division; Murphy (George T.), J. Submitted October 17, 1957. (Docket No. 72, Calendar No. 47,012.) Decided December 24, 1957.

REFERENCES FOR POINTS IN HEADNOTES
5A Am Jur, Automobiles and Highway Traffic § 1126 *et seq.*

John E. Wigle was charged with negligent homi-·icide in the operation of an automobile on private parking lot. Information quashed. The people appeal. Affirmed.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Ralph Garber, Samuel Brezner* and *Angelo A. Pentolino,* Assistant Prosecuting Attorneys, for the people.

*Rothe, Marston, Mazey, Sachs & O'Connell,* for defendant.

KELLY, J. The traffic and ordinance division of the recorder's court for the city of Detroit quashed an information charging defendant with negligent homicide by a motor vehicle upon a privately-owned parking lot maintained by the Chrysler Corporation, on East Warren avenue, in Detroit.

The attorney general of the State and the prosecuting attorney of Wayne county appeal, contending that the court erred in finding that prosecutions for negligent homicide under CL 1948, § 750.324 are limited to offenses upon the public highways and that the court's jurisdiction is restricted by CL 1948, § 725.18 to offenses upon the public highways. The statute (PA 1931, No 328, as amended) provides:

"Sec. 324. Any person who, by the operation of any vehicle at an immoderate rate of speed or in a careless, reckless or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of a misdemeanor, punishable by imprisonment in the State prison not more than 2 years or by a fine of not more than $2,000, or by both such fine and imprisonment." CL 1948, § 750.324 (Stat Ann 1954 Rev § 28.556).

"Sec. 325. * * * The crime of negligent homicide shall be deemed to be included within every crime of manslaughter charged to have been committed in the operation of any vehicle, and in any case where a defendant is charged with manslaughter committed in the operation of any vehicle, if the jury shall find the defendant not guilty of the crime of manslaughter such jury may in its discretion render a verdict of guilty of negligent homicide." CL 1948, § 750.325 (Stat Ann 1954 Rev § 28.557).

"Sec. 326. * * * In any prosecution under the 2 next preceding sections, whether the defendant was driving at an immoderate rate of speed shall not depend upon the rate of speed fixed by law for operating such vehicle." CL 1948, § 750.326 (Stat Ann 1954 Rev § 28.558).

CL 1948, § 725.18 (Stat Ann § 27.3958), above referred to, provides in part:

"The judges of the municipal court—traffic and ordinance division hereinbefore constituted shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this State for all crimes, felonies, misdemeanors and offenses committed within the corporate limits of any municipality adopting this act and arising under the Michigan motor vehicle law and all other State laws relating to traffic on the public highways of this State, including the crime of negligent homicide and the crimes of manslaughter and involuntary manslaughter committed in the operation of any motor vehicle, except in cases cognizable by justices of the peace and as to all such cases their said jurisdiction shall be concurrent."

Neither in the briefs nor in the oral argument is any challenge made to the following statement in appellee's brief:

"It is undisputed by the people that for the past 35 years, during which time this law (CL 1948, § 750.-

324 [Stat Ann 1954 Rev § 28.556]) has been in force in this State, no prosecutions have been attempted under it anywhere in Michigan for homicides on private property, even though requests for such action have been made to various prosecutors in the State. Up until the present action, prosecutors have always taken the position that unless the negligence causing the homicide was sufficiently gross to come within the definition of manslaughter, it was not actionable under the negligent homicide section, because this section applied only to homicides committed upon the public highways by the operation of motor vehicles by persons guilty of violation of some section of the motor vehicle code, which code applies only to the operation of motor vehicles upon public highways."

The lower court called attention to PA 1949, No 300, § 601 (CLS 1956, § 257.601, Stat Ann 1952 Rev § 9.2301), which provides:

"The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except where a different place is specifically referred to in a given section,"

and concluded that this section delimited prosecutions for negligent homicide by motor vehicles under CL 1948, § 750.324 (Stat Ann 1954 Rev § 28.556).

Appellants contend that PA 1949, No 300, is exclusively a traffic regulatory act and has "neither explicit nor implicit application to violations of the penal code, within whose confines are found the description and proscription of negligent homicide."

The act upon which appellants rely does not contain the words "on a public highway," but does contain words "operation of any vehicle." The only definition that is helpful to determine who the legislature referred to as an "operator" and what convey-

ance should be construed as a "vehicle" are found in CLS 1956, §§ 257.36, 257.79. Those definitions are:

" 'Operator' means every person, other than a chauffeur, who is in actual physical control of a motor vehicle upon a highway." CLS 1956, § 257.36 (Stat Ann 1952 Rev § 9.1836).

" 'Vehicle' means every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks." CLS 1956, § 257.79 (Stat Ann 1952 Rev § 9.1879).

In 1931 the attorney general of this State held that the negligent homicide law was confined to the public highways and did not extend to private property, as is evidenced by the following:

"Section 324 [PA 1931, No 328] contains the words 'at an immoderate rate of speed or in a careless, reckless or negligent manner.' Section 326 contains the words 'whether the defendant was driving at an immoderate rate of speed shall not depend upon the rate of speed fixed by law for operating such vehicle.' The above words quoted from the statutes, I maintain have reference to those vehicles which, according to common understanding, are driven by someone subject to certain rules and laws limiting their speed and controlling their operation. The only vehicles which are limited in speed and operation by State law, generally speaking, are those using the public highways and streets." Opinions of the Attorney General, 1930–1932, pp 380, 383.

All prosecutions in this State from 1931 have proceeded on the theory that the statute in issue applied to the use of public highways and streets. No action has been taken by the legislature to include in said law provisions making it applicable to parking lots, except the acts of the legislature in 1956 amending

the motor vehicle code so that the provisions requiring an operator involved in an accident resulting in injury and death to stop at the scene of the accident (PA 1956, No 22 [CLS 1956, § 257.617, Stat Ann 1957 Cum Supp § 9.2317]) and prohibiting the operation of a motor vehicle by an intoxicated person (PA 1956, No 34 [CLS 1956, § 257.625, Stat Ann 1957 Cum Supp § 9.2325]) now apply to the operation of a motor vehicle upon private property open to travel by the general public.

We agree with the interpretation of the statute as made by the traffic and ordinance division of the recorder's court of the city of Detroit that resulted in the quashing of the information.

Order affirmed.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, CARR, and BLACK, JJ., concurred.