PEOPLE v. TRACY

1. CRIMINAL LAW—DRUNK DRIVING—OPEN TO PUBLIC.
   An area open to the general public need not be open to travel before an encroaching drunk driver can be arrested for driving on it (MCLA § 257.625).

2. CRIMINAL LAW—DRUNK DRIVING—COLLEGES AND UNIVERSITIES—DORMITORY LAWN.
   The lawn of a girls' dormitory on the campus of a state university is a place open to the general public and the drunk driving statute applies to one who drives a motor vehicle on that property while under the influence of intoxicating liquor (MCLA §§ 257.625, 390.641).

Appeal from Recorder's Court of Detroit, Andrew C. Wood, J. Submitted Division 1 May 14, 1969, at Detroit. (Docket No. 5,748.) Decided July 31, 1969.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 169, 253 *et seq.*

'·'Stefen John Tracy was charged with operating a motor vehicle while under the influence of intoxicating liquor. Defendant's motion to dismiss denied. Defendant appeals. Affirmed.

· *Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William A. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Joseph C. Murphy*, Assistant Prosecuting Attorney, for the people.

*Maile, Leach & Schreier*, for defendant.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

FITZGERALD, P. J. The defendant was charged with driving while under the influence of intoxicating liquor. MCLA § 257.625 (Stat Ann 1968 Rev § 9.2325). His motion to dismiss the charge was denied by the recorder's court, which brought about this interlocutory appeal by leave granted.

He was found in his automobile by a Wayne State University campus policeman while attempting to extract the automobile from the lawn in front of Joy dormitory on the campus, which necessitated that he climb a snowy incline down which he had previously slid. After submitting to and failing to pass a breathalyzer test, he was arrested and charged. His companion testified that defendant was sober when the automobile became stuck, but that he and defendant repaired to a nearby tavern to await the coming of a tow truck during which respite defendant consumed several drinks. Upon returning to the scene, defendant took the wheel and he was futilely attempting to climb the incline when

the policeman arrived. He observed tire tracks in the snow leading from the street to defendant's car.

Defendant's contention on appeal is that the drunk driving statute does not apply to those who drive on property which is not open to vehicular traffic by the general public. The relevant language of MCLA § 257.625 provides that the drunken driver is not "* * * to drive any vehicle upon any highway *or any other place open to the general public,* including any area designated for the parking of motor vehicles, within this state." (Emphasis supplied.)

It is the opinion of this Court that the conduct of the defendant will come within the purview of the statute if it is proven that he was driving while drunk. The grounds of the university are public by reason of their being a part of a state institution, MCLA § 390.641 (Stat Ann 1968 Rev § 15.1350 [1]), and would be such grounds which are "open to the general public". Defendant's attempt to insert the words "travel by" following the words "open to", citing *People* v. *Wigle* (1957), 350 Mich 692, does not convince us that such an insertion would express what we discern the actual intent of the legislature to be, namely, to prevent drunk driving in those situations where the automobile is not being operated on a public highway, but is being operated on any "place open to the general public." The *Wigle* Court construed the negligent homicide statute* to apply only to defendants who operated their vehicles on the public highway. In elaborating, the Court noted that the legislature had not extended the negligent homicide statute to cover private parking lots (where Wigle had been operating his vehicle), although the legislature had changed the motor vehicle code in other places so that the statute required an

---

* MCLA § 750.324 (Stat Ann 1969 Cum Supp § 28.556).

operator of a vehicle involved in an accident resulting in injury and death to stop at the scene, and "prohibited the operation of a motor vehicle by an intoxicated person * * * upon private property open to *travel by* the general public." (Emphasis supplied.)

It is clear that the inclusion of the emphasized words, so seized upon by defendant here, were merely *dictum* to the *Wigle* decision which was concerned with a statute not before this Court, and were additionally made irrelevant to this case by the use of the dissimilar words "private property." The *Wigle* case does not change our opinion of the intent of the legislature in cases such as the present one. It is not necessary that an area be "open to travel" before an encroaching drunk driver can be arrested for driving on it.

Since we may reason that it is the intention of the legislature to protect the general public from operators of motor vehicles who are under the influence of alcohol, it is logical to apply the statute to drinking drivers who are attempting to drive their vehicles in areas open to the general public which are not normally used by sober drivers for normal travel. The possibility of injury to the public does not abate, but instead may well be increased when a drinking driver is operating his vehicle on the public sidewalk, in a public park, or on a public lawn. This is obviously due to the fact that the public cannot be expected to be as aware of the presence of an impaired driver and his automobile which are proceeding in areas not normally open to vehicular traffic as they might be if they were in an area where automobiles are expected to be present. The law here stated is basic: Drunk drivers should not operate their vehicles in public places, more particularly where the places are owned by

the public. As we are only approving the denial of defendant's motion to dismiss, other questions are left to proceedings which may follow. For purposes of this appeal, we do find that the lawn of a girls' dormitory on the campus of a State university is a place open to the general public under MCLA § 257-.625.

The action of the recorder's court in denying defendant's motion to dismiss is affirmed and this cause is remanded for further proceedings.

All concurred.