CONSUMERS POWER COMPANY *v.* REICH

1. INJUNCTION—TANGENTIAL MATTERS—APPEAL AND ERROR.

  Whether plaintiff's attorney made knowingly false statements in the proceedings to obtain a permanent injunction prohibiting defendant from cutting plaintiff power company's gas and power lines was only tangential to the question whether the injunction was properly issued and, even if the attorney did make false statements, it would not have constituted reversible error.

2. APPEAL AND ERROR—MATTERS INADEQUATELY PRESENTED.

  An appellate court cannot effectively review matters inadequately presented and argued to it.

Appeal from Allegan, John H. Piercey, J. Submitted Division 3 February 2, 1971, at Grand Rapids. (Docket No. 8742.) Decided February 24, 1971.

Complaint by Consumers Power Company and William A. Holtgreive against Albert Reich for a temporary restraining order and for the issuance of a peace bond. Permanent injunction granted to plaintiffs. Defendant's motion for rehearing with counterclaim denied. Defendant appeals. Affirmed.

Albert Reich, *in propria persona.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur 2d, Injunctions §§ 352, 353.
[2] 5 Am Jur 2d, Appeal and Error § 684 *et seq.*

Before: Fitzgerald, P. J., and V. J. Brennan and T. M. Burns, JJ.

Per Curiam.   Defendant is a consumer of electric power and a customer of plaintiff, Consumers Power Company.   Plaintiff threatened to terminate defendant's electric service unless he paid an overdue bill.   Defendant then threatened to cut plaintiff's power and gas lines which cross his property unless plaintiff paid him a sum of money which defendant claimed was the amount of damages inflicted on defendant's property by plaintiff's employees.

Plaintiff filed a complaint for a temporary restraining order to prevent defendant from carrying out his threats and for the issuance of a peace bond against defendant pursuant to MCLA § 772.1 *et seq.* (Stat Ann 1954 Rev § 28.1154 *et seq.*).   Defendant appeared *in propria persona* to contest the issuance of a peace bond or restraining order against him. The hearing resulted in the issuance of a permanent injunction for a period of two years prohibiting defendant from carrying out his threats against plaintiff's property.   Penalty for violation of the terms of the injunction was $5,000.

Defendant filed a motion for rehearing with counterclaim. Defendant's motion was denied and the permanent injunction was left in full force and effect.   Defendant appeals from the decision of the circuit court denying his motion for rehearing with counterclaim and upholding the injunction.   Defendant raises three issues on appeal: (1) improper notice of the proceedings which resulted in the issuance of a permanent injunction against him; (2) use of testimony by plaintiff's attorney known by him to be false; and (3) denial of defendant's rights to jury trial and counsel and imposition of excessive penalty.

Defendant is not an attorney and was not represented below or on appeal by an attorney. Unfortunately, much of defendant's brief is not relevant to the issues of this case. Defendant's issues will be dealt with here *seriatim*.

(1) Defendant was properly brought before a circuit judge on a warrant issued pursuant to MCLA § 772.3 (Stat Ann 1954 Rev § 28.1156). No notice other than the warrant was required. Defendant freely agreed to proceed with the determination of the matter before the court rather than wait for a hearing to be scheduled at a later time. Defendant knowingly and understandingly agreed to the issuance of an injunction in lieu of a peace bond.

(2) The record reveals no impropriety of plaintiff's attorney as defendant charges. In any event, the matter is tangential to the real issue of whether the injunction was properly issued and could not have constituted reversible error.

(3) Defendant, after first demanding a jury trial, freely and understandingly waived his right to jury trial. Defendant waived his right to counsel. Authority cited by defendant for the proposition that the penalty imposed was excessive consists of New York and Wisconsin statutes which clearly do not control.

Defendant presents no cases, authorities, or compelling reasons in support of his assignments of error. An appellate court cannot effectively review matters inadequately presented and argued to it. *People* v. *Raub* (1967), 9 Mich App 114; *Mitcham* v. *City of Detroit* (1959), 355 Mich 182.

The record reveals that defendant received a full and fair hearing on the action against him, not once, but twice. Each time the trial judge carefully explained the nature and implications of the proceed-

ings to the defendant and conducted them with patience for defendant's lack of understanding of the legal process.

Careful search of the records of this case reveal no reversible error.

No costs, appellees not having filed brief on appeal.