PETERSBURG v SUMMERFIELD TOWNSHIP

MUNICIPAL CORPORATIONS—VILLAGES—INCORPORATION—TOWNSHIP AS-
SETS—DIVISION.

A city incorporated along the same boundaries as a pre-existing
village is a "new city" and is statutorily entitled to a division of
the personal property of the township from which the new city
is incorporated and to hold jointly any township real property
located in the new city with the remaining portion of the
township (MCLA 117.14).

Appeal from Monroe, James J. Kelley, Jr., J.
Submitted Division 1 March 9, 1972, at Detroit.
(Docket No. 12448.) Decided June 29, 1972.

Complaint by the City of Petersburg against the
Township of Summerfield for division of township
assets. Partial summary judgment for plaintiff.
Defendant appeals. Affirmed.

*William J. Braunlich, Jr.,* for plaintiff.

*John J. Sullivan,* for defendant.

Before: LEVIN, P. J., and V. J. BRENNAN and
VAN VALKENBURG,* JJ.

PER CURIAM. On November 17, 1969, the City of
Petersburg was incorporated along the same
boundaries as the former Village of Petersburg.
The city is located entirely within the Township of

REFERENCE FOR POINTS IN HEADNOTE

56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
cal Subdivisions §§ 30, 54, 94, 95.

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Summerfield. The city filed suit to compel a division of township assets pursuant to MCLA 117.14; MSA 5.2093. From the circuit court's grant of a partial summary judgment in favor of plaintiff, defendant township appeals.

The primary issue involved in this appeal concerns the interpretation of the following statute:

"Whenever an incorporated village is incorporated as a city, without change of boundaries, such city shall succeed to the ownership of all the property of such village and shall assume all of its debts and liabilities. Whenever a city, village or township is annexed to a city, the city to which it is annexed shall succeed to the ownership of all the property of the city, village or township annexed, and shall assume all of its debts and liabilities. Whenever a part of a city, village or township is annexed to a city, the real property in the territory annexed which belongs to the city, village or township from which it is taken shall be sold by the authorities of the city, village or township in which said land was located before such annexation, and that portion of the proceeds of such sale shall be paid to the city acquiring such territory which shall be in the same ratio to the whole amount received as the assessed valuation of the taxable property in the territory annexed bears to the assessed valuation of the taxable property in the entire city, village or township from which said territory is taken. Whenever a part of a city, village or township is annexed to a city, all of the personal property belonging to any such city, village or township from which territory is detached shall be divided between the township, city or village from which said territory is detached and the city to which the territory is annexed, in the same ratio as the assessed valuation of the taxable property in the territory annexed bears to the assessed valuation of the taxable property in the entire city, village or township from which said territory is taken. *Whenever a new city shall be incorporated, the personal property of the township from which it is taken shall be divided and its liabilities assumed between such city and the portion of*

*the township remaining after such incorporation, which incorporation shall be effective as of the date of filing the certified copy of the charter as hereinafter provided, in the same ratio as herein provided in case of the annexation of a part of a township to a city, and any real property of a township located in such new city shall be held jointly by such city* and the remaining portion of the township in the ratio above mentioned." (Emphasis added.) MCLA 117.14; MSA 5.2093.

Defendant township argues that the emphasized portion of the statute applies only when a city is created from a portion of a township, and not when a city is created solely from a pre-existing village. We see nothing in the statute which would cause us to conclude that a city incorporated along the same boundaries as a pre-existing village is not, in the terms of the statute, a "new city". In a similar case which arose shortly before the date the statutory language here in question became effective, our Supreme Court implied that this statutory language would apply to just such a situation. *New Baltimore v Chesterfield Twp*, 292 Mich 522 (1940).

Defendant also seems to raise a challenge to the constitutionality of the statute, but "presents no cases, authorities, or compelling reasons in support of his assignments of error. An appellate court cannot effectively review matters inadequately presented and argued to it. [Citations omitted]." *Consumers Power Co v Reich*, 31 Mich App 138, 140 (1971).

Affirmed.