PEOPLE v CASTLE

(CITY OF KALAMAZOO v CASTLE)

Docket No. 44858. Submitted November 7, 1980, at Grand Rapids.—
Decided August 5, 1981.

Marshall Castle was arrested for driving under the influence of
liquor, transported to the police station and asked to submit to
a Breathalyzer test after being advised of his rights in compli-
ance with Michigan's implied consent statute. He refused to
submit to the test without first consulting his attorney. One
hour and ten minutes later, his attorney arrived and requested
that the test be given. The police refused to administer the test
because of departmental policy not to give a test if requested to
do so more than one hour after an initial refusal to submit to
the test. Defendant had not been informed of this policy when
he refused to submit to the test. Defendant moved, in district
court, to dismiss the charge. The motion was denied. The
Kalamazoo Circuit Court reversed and dismissed the case,
Charles H. Mullen, J. The people appeal. *Held:*

The defendant had the same right to be apprised of the police
department's policy and the results that would follow as he did
of the other rights which were read to him. Defendant was
deprived of the opportunity to make a knowing choice of
whether to submit to the test when police failed to inform him
timely of material departmental policy.

Affirmed.

1. AUTOMOBILES — INTOXICATING LIQUORS — BLOOD-ALCOHOL TEST —
STATUTES.

The Michigan Vehicle Code makes admissible in prosecutions for

REFERENCES FOR POINTS IN HEADNOTES

[1] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 377-380.
Construction and application of statutes creating presumptions of
other inference of intoxication from specified percentages of
alcohol present in system. 16 ALR3d 748.

[2-6] 7A Am Jur 2d, Automobiles and Highway Traffic § 305.
Requiring submission to physical examination or test as violation of
constitutional rights. 25 ALR2d 1407.

[5] Duty of law enforcement officer to offer suspect chemical sobriety
test under implied consent law. 93 ALR3d 710.

driving under the influence of liquor the amount of alcohol in a person's blood as shown by chemical analysis (MCL 257.625a[1]; MSA 9.2325[1][1]).

2. AUTOMOBILES — INTOXICATING LIQUORS — BLOOD-ALCOHOL TEST — IMPLIED CONSENT — STATUTES.

The Michigan Vehicle Code provides that a person who operates a motor vehicle is deemed to have given consent to chemical tests if he is arrested for driving a vehicle while under the influence of intoxicating liquor or while his ability to operate a vehicle has been impaired due to the consumption of intoxicating liquor (MCL 257.675c[1]; MSA 9.2325[3][1]).

3. AUTOMOBILES — INTOXICATING LIQUORS — BLOOD-ALCOHOL TEST — STATUTES.

The Michigan Vehicle Code provides that a person who is under arrest for driving under the influence of liquor shall be advised of his right to refuse to submit to chemical tests and, if he refuses to submit, no tests shall be given; however, if he refuses to take a test, the Secretary of State may suspend, revoke or deny issuance of a driving license (MCL 257.625d, 257.625f[1]; MSA 9.2325[4], 9.2325[6][1]).

4. AUTOMOBILES — INTOXICATING LIQUORS — BLOOD-ALCOHOL TEST — IMPLIED CONSENT — CONSENT — STATUTES.

A driver under the "implied consent law" has a choice whether to submit to a blood-alcohol test; if he does not submit, this evidence of his condition shall not be extracted from him (MCL 257.625a, 257.625c, 257.625d; MSA 9.2325[1], 9.2325[4], 9.2325[5]).

5. AUTOMOBILES — INTOXICATING LIQUORS — BLOOD-ALCOHOL TEST — RIGHTS OF ACCUSED — STATUTES.

A person charged with driving a vehicle while under the influence of intoxicating liquor shall be informed that: (1) he has a right to demand a chemical test, (2) if he takes a chemical test administered at the request of a police officer he may have a person of his own choosing administer a test, (3) he has the option to take only the breath test, and (4) he has a right to refuse the test and the consequences of such refusal must be explained to him (MCL 257.625 *et seq.;* MSA 9.2325 *et seq.).*

6. AUTOMOBILES — INTOXICATING LIQUORS — BLOOD-ALCOHOL TEST — POLICE RULES AND REGULATIONS.

A person charged with driving under the influence of liquor must be informed of police regulations and rules, if any, that materi-

ally affect him to insure that he has an opportunity to make an informed decision on whether to submit to a blood-alcohol test.

*Don M. Schmidt,* Kalamazoo City Attorney, and *William S. Baird,* Assistant City Attorney, for the people.

*Garvey, Kreis, Enderle, Halpert & Etter, P.C.,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and V. J. BRENNAN and R. C. HOTCHKISS,* JJ.

D. E. HOLBROOK, JR., P.J. The people appeal by leave granted an order of the Kalamazoo Circuit Court dismissing the case.

Defendant was arrested at 7:40 p.m. for driving under the influence of liquor (DUIL) in violation of a local ordinance substantially corresponding to MCL 257.625; MSA 9.2325. He was transported to the police station and, at 8:10 p.m., asked to take a Breathalyzer test after being advised of his rights in compliance with Michigan's implied consent statute. MCL 257.625 *et seq.;* MSA 9.2325 *et seq.* Defendant refused to take the test because he wished first to consult his attorney.

At 9:20 p.m., defendant's attorney arrived at the station and soon thereafter requested that the defendant be given a Breathalyzer test. The police refused to administer the test because it is standard department policy not to give a test if it is, requested after one hour from an initial refusal. This was the first time that defendant was advised of this policy. Police also refused the attorney's request that he be permitted to have a blood test performed on defendant.

The district court denied defendant's motion to

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

dismiss. The circuit court reversed the order of the district court and dismissed the case. In dismissing, the court held that the defendant has the same right to be apprised of the police department's policy and the results that would follow as he does of the other rights which are read to him. We agree.

The Michigan Vehicle Code makes admissible in DUIL prosecutions the amount of alcohol in a person's blood as shown by chemical analysis. MCL 257.625a(1); MSA 9.2325(1)(1).

The statute provides that a person who operates a motor vehicle "is deemed to have given consent to chemical tests" if he is "arrested for driving a vehicle while under the influence of intoxicating liquor, or while his ability to operate a vehicle has been impaired due to the consumption of intoxicating liquor". MCL 257.625c(1); MSA 9.2325(3)(1).

It is also provided, however, that a "person under arrest shall be advised of his right to refuse to submit to chemical tests; and if he refuses the request of a law enforcement officer to submit to chemical tests, no test shall be given". MCL 257.625d; MSA 9.2325(4). If the driver refuses to take a test, the Secretary of State may suspend, revoke or deny issuance of a driving license. MCL 257.625f(1); MSA 9.2325(6)(1).

Although the relevant provisions of the statute are commonly called the "implied consent law" and it is provided that a person who operates a motor vehicle "is deemed to have given consent to chemical tests", it is also provided that "no test shall be given" to a person who refuses to consent. The tenor of this statute is that the driver has a choice whether to submit to a test; if he does not submit, this evidence of his condition shall not be extracted from him. *McNitt v Citco Drilling Co,* 397 Mich 384; 245 NW2d 18 (1976).

The Legislature has provided an agonizing choice for one accused of DUIL. But the legislation does require that the tactical choice allowed be knowingly made. Pursuant to the statute, any person charged with driving a vehicle while under the influence of intoxicating liquor shall be informed: (1) he has a right to demand a test, (2) if he takes a chemical test administered at the request of a police officer he may have a person of his own choosing administer a test, (3) he has the option to take only the breath test, and (4) he has a right to refuse the test and the consequences of such refusal.

We are guided by these statutory requirements to hold that any person charged with DUIL must be informed of police regulations and rules, if any, that materially affect him to insure that the accused has an opportunity to make an informed decision. This is particularly so when one considers the impact of the choice and the fact that the person arrested does not have the assistance of counsel in deciding whether to submit to a test. See, *Holmberg v 54-A Judicial Dist Judge,* 60 Mich App 757; 231 NW2d 543 (1975).

In this case, defendant was deprived of the opportunity to make a knowing choice of whether to submit to the test when police failed to inform him timely of material departmental policy. We do not intimate an opinion in this decision as to the propriety of the departmental policy. We do say that police policy which prohibits a defendant from demanding a chemical test after a prescribed time must first be explained to the defendant, enabling him to make an informed decision.

Plaintiff points to language of the New Hampshire Supreme Court that states in *Harlan v State,* 113 NH 194, 196; 308 A2d 856 (1973):

"Other courts considering whether a person properly advised by the police may rescind an initial refusal to submit to an implied consent law blood-alcohol test and demand that the test then be administered have almost unanimously concluded that the test need not be administered once a substantial period has elasped from the initial refusal."

However, the language in *Harlan* quoted by plaintiff is conditioned upon a person being properly advised by the police. In this case, we find that defendant was not properly advised.

Because of the foregoing disposition, we need not address the constitutional arguments. The decision of the circuit court is affirmed.

Affirmed.