CITY OF SAUGATUCK v SAUGATUCK TOWNSHIP

Docket No. ·88197. Submitted October 7, 1986, at Grand Rapids. Decided January 5, 1987. Leave to appeal applied for.

The Village of Saugatuck incorporated as a fifth-class city pursuant to the home rule cities act and sought from Saugatuck Township the city's proportionate share of township assets, as set forth in the home rule cities act. The township refused to yield a portion of its assets to the newly incorporated city, and the City of Saugatuck thereupon filed suit against Saginaw Township in Allegan Circuit Court seeking a declaratory judgment that it was entitled to the assets sought. The court, George R. Corsiglia, J., ruled in favor of the plaintiff. Defendant appealed.

The Court of Appeals *held:*

1. The incorporation of fifth-class cities is authorized under the home rule cities act.

2. A city incorporated pursuant to the home rule cities act along the same boundaries as a preexisting village is a "new city" and is statutorily entitled to a division of the personal property of the township from which the new city is incorporated.

Affirmed.

1. MUNICIPAL CORPORATIONS — VILLAGES — FIFTH-CLASS CITIES — HOME RULE CITIES ACT.

Villages are authorized to incorporate as fifth-class cities under the home rule cities act (MCL 117.7; MSA 5.2086).

2. MUNICIPAL CORPORATIONS — VILLAGES — INCORPORATION — TOWNSHIP ASSETS — DIVISION.

A city incorporated along the same boundaries as a preexisting village is a "new city" and is statutorily entitled to a division of the personal property of the township from which the new city is incorporated (MCL 117.14; MSA 5.2093).

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 30-32, 532 *et seq.*

See the annotations in the Index to Annotations under Municipal Corporations.

*Sheridan & Sheridan* (by *Stephen E. Sheridan*), for plaintiff.

*Bauckham, Reed, Lang, Schaefer, Sparks & Rolfe, P.C.* (by *John H. Bauckham*), and *Coupe & Van Allsburg* (by *William W. Coupe*), for defendant.

Amicus Curiae:

*Louis C. Andrews, Jr.,* for Michigan Municipal League.

Before: MacKenzie, P.J., and T. M. Burns and R. R. Joslyn,* JJ.

P. R. Joslyn, J. Defendant Saugatuck Township appeals from a judgment on behalf of plaintiff City of Saugatuck in this declaratory judgment action. At issue is the township's refusal to yield a portion of its assets to the newly incorporated city pursuant to the home rule cities act, MCL 117.1 *et seq.;* MSA 5.2071 *et seq.* The township maintains that the city has no standing to require the division and that, regardless of standing, the home rule cities act does not require a division of assets due to the city's evolution from a village to a fifth-class city. We affirm.

The plaintiff was first incorporated as a general law village on January 8, 1868, prior to the enactment of 1895 PA 3, which now controls the incorporation of villages. The village continued to operate as a village until it incorporated as a fifth-class city on July 1, 1984. During plaintiff's embodiment as a village the township continued to assess property taxes upon residents of the village and conducted all non-village elections. In addition to property tax revenues, village residents contrib-

* Circuit judge, sitting on the Court of Appeals by assignment.

uted to a township special road improvement assessment. However, as a village, plaintiff qualified for its own federal and state revenue sharing funds, state gas and weight tax returns, and state income and sales taxes.

When plaintiff reincorporated as a fifth-class city, it sought from the township the city's proportionate share of township assets, pursuant to MCL 117.14; MSA 5.2093. The township refused, and this action ensued.

The township first argues on appeal that fifth-class cities are not home rule cities and therefore plaintiff has no standing to claim a portion of township assets. We note that this argument was not raised before the trial court. However, since the assertion involves a question of law the resolution of which is necessary to a proper determination of this case, we will nevertheless address the issue. *Butler v Detroit Automobile Inter-Ins Exchange*, 121 Mich App 727, 742; 329 NW2d 781 (1982).

The township's position is based upon the home rule cities act, the very act that authorizes incorporation of various classes of cities. The act begins by providing that "[e]ach organized city shall be a body corporate," MCL 117.1; MSA 5.2071, and then sets forth cities' mandatory, permissive and prohibited powers. MCL 117.3-117.5; MSA 5.2073-5.2084. In addition, MCL 117.6; MSA 5.2085 specifically provides for the creation of cities from other cities and villages. That section also describes the requirements for incorporating petitions.

The crux of the township's position here is found in MCL 117.7; MSA 5.2086, which provides:

Said petition shall accurately describe the proposed boundaries of the city, or of the territory to be annexed thereto or detached therefrom, and if

the purpose is to incorporate a new city, it shall represent that the territory described contains not less than 2,000 inhabitants and an average of not less than 500 inhabitants per square mile: Provided, That all incorporated villages in which a county seat is located are hereby authorized to incorporate under the provisions of this act as cities of the fifth class, without respect to the population of the territory included therein: Provided further, That any incorporated village having a population of more than 750 and less than 2,000 inhabitants, or any incorporated village lying within more than 1 township in the same county having a population of more than 600 and less than 2,000 inhabitants, or any territory containing a population of more than 750 and less than 2,000 inhabitants and an average of not less than 500 inhabitants per square mile may incorporate under the provisions of this act as cities of the fifth class. Such cities shall constitute but 1 voting precinct except in cities lying within more than 1 county and the mayor thereof, or whenever provided by resolution of the legislative body of any such city, the city attorney, city manager, or city superintendent shall be among the representatives of the city on the board of supervisors of the county or counties: Provided further, Whenever in the process of incorporating a city of the fifth class and adopting a charter therefor, it shall be disclosed by an official census that the population exceeds 2,000 inhabitants, then all proceedings theretofore taken shall be deemed to be for a non fifth class city under this act.

The township notes that fifth-class cities are not specifically referred to elsewhere in the act and thus concludes that such cities have none of the powers or independence that other cities are granted under the act. Ultimately, the township maintains that fifth-class cities do not exist as home rule cities.

The township's position ignores basic rules of

statutory construction. We are bound to uphold the plain language of the statute, and effect must be given to every phrase, clause and word. *Kalamazoo City Ed Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 603; 281 NW2d 454 (1979); *In re Harris Estate,* 151 Mich App 780, 785-786; 391 NW2d 487 (1986). Further, a statutory provision is to be read in harmony with the remainder of the statute. *Cliffs Forest Products Co v Al Disdero Lumber Co,* 144 Mich App 215, 222; 375 NW2d 397 (1985), lv den 424 Mich 896 (1986).

MCL 117.7; MSA 5.2086 specifically authorizes villages to incorporate as cities of the fifth class. Significantly, it begins by referring to the petition required in other provisions of the same act. While there are special provisions in the statute for fifth-class cities, they are nevertheless to be incorporated "under the provisions of this [the home rule cities] act." There is nothing in MCL 117.7; MSA 5.2086 nor elsewhere in the act to suggest that fifth-class cities are less than independent governmental corporations empowered as are other, larger cities. In short, fifth-class cities are home rule cities authorized to incorporate under the act. The township's first assertion on appeal has no merit.

The township next argues that, despite its new incorporation, the City of Saugatuck is not entitled to its proportionate share of township assets. MCL 117.14; MSA 5.2093 provides in pertinent part:

Whenever a new city shall be incorporated, the personal property of the township from which it is taken shall be divided and its liabilities assumed between such city and the portion of the township remaining after such incorporation, which incorporation shall be effective as of the date of filing the certified copy of the charter as hereinafter provided, in the same ratio as herein provided in case

of the annexation of a part of a township to a city, and any real property of a township located in such new city shall be held jointly by such city and the remaining portion of the township in the ratio above mentioned.

In *Petersburg v Summerfield Twp,* 41 Mich App 639, 641; 200 NW2d 788 (1972), this Court held that a city incorporated along the same boundaries as a preexisting village is a "new city" within the meaning of MCL 117.14; MSA 5.2093. The township argues here that *Petersburg* was wrongly decided. It asserts that *Petersburg* failed to reconcile other provisions of MCL 117.14; MSA 5.2093 and failed to address the 1971 amendment of MCL 117.9; MSA 5.2088.

We agree with *Petersburg* that there is nothing in MCL 117.14; MSA 5.2093 which suggests that a village reincorporated as a city is not a "new city" entitled to its proportionate share of township assets. The initial sentence of the section, which provides that a succeeding city shall assume the debts and liabilities of its predecessor village, is consistent with the city's new independence as well as its concomitant entitlement to assets. Similarly, that part of MCL 117.14; MSA 5.2093 which provides for pro rata distribution of future funds is consistent with the statutory division of assets. That the Legislature saw fit to provide for proportionate division of future assets does not detract from the necessity of dividing assets currently held.

The township's reliance upon MCL 117.9; MSA 5.2088 is also misplaced. That section is inapposite, as it addresses annexation of parts of a township or village to an already existing city. We reject the township's supposition that the Legislature intended similar treatment of newly incorporated

cities that have been preceded by villages. Had the Legislature so intended, it would have so provided. This Court will not impose a meaning on a statutory provision which is contrary to the statute's plain language. *Nerat v Swacker,* 150 Mich App 61, 64; 388 NW2d 305 (1986).

We adhere to the holding of *Petersburg v Summerfield Twp, supra.* Accordingly, the judgment of the circuit court is affirmed.

Affirmed.