## PEOPLE v EINSET

Docket No. 88599. Submitted October 9, 1986, at Grand Rapids. Decided January 14, 1987. Leave to appeal denied, 428 Mich 892.

Karl Olav Einset was arrested and charged with driving while under the influence of intoxicating liquor and was requested to submit to a breath test by a state trooper. Defendant was told that, after taking the breath test, he had the right to demand a chemical test administered by someone of his own choosing. Defendant moved to dismiss the charge, which was denied by the district court. Defendant appealed and the Berrien Circuit Court, William S. White, J., ordered the charge dismissed. The people appealed by leave granted.

The Court of Appeals *held:*

The right of a person suspected of drunk driving to take an independent chemical test to determine blood-alcohol level is contingent upon submitting to a test requested by the police officer. Defendant was properly advised.

Reversed and remanded.

1. STATUTES — JUDICIAL CONSTRUCTION.

The primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature; in construing a statute, effect must be given to every phrase, clause and word as far as possible and one part of the statute should not be construed so as to render another part nugatory.

2. AUTOMOBILES — BLOOD-ALCOHOL TEST.

The right of a person suspected of drunk driving to take an independent chemical test to determine blood-alcohol level is contingent upon submitting to a test requested by the police officer (MCL 257.625a[5]; MSA 9.232[1][5]).

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 305-307.

Am Jur 2d, Evidence §§ 295, 830.

Am Jur 2d, Statutes §§ 145, 249.

Driving while intoxicated: duty of law enforcement officer to offer suspect chemical sobriety test under implied consent law. 95 ALR3d 710.

See also the annotations in the Index to Annotations under Blood Tests.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Brian S. Berger,* Assistant Prosecuting Attorney, for the people.

*Butzbaugh & Ehrenberg* (by *Ellen W. Butzbaugh*), for defendant.

Before: MACKENZIE, P.J., and T. M. BURNS and P. R. JOSLYN,* JJ.

PER CURIAM. The people appeal by leave granted from a circuit court order dismissing the charge against defendant Karl Einset of operating a motor vehicle under the influence of intoxicating liquor, contrary to MCL 257.625; MSA 9.2325. The sole issue before us is whether MCL 257.625a; MSA 9.2325(1) requires police officers to inform a defendant arrested for OUIL that he has an unconditional right to obtain a blood-alcohol level test administered by a person of the defendant's own choice. The circuit court held, as defendant maintained, that the right to an independent blood-alcohol test does not depend upon whether an accused first submits to the test requested by a police officer. We reverse.

On January 18, 1984, Einset was arrested by Michigan State Police troopers for allegedly operating a motor vehicle while under the influence of liquor. Defendant was transported to the state police post, where he was informed of his chemical test rights by the arresting officer. The pertinent recitation of rights, taken from a standard form, was:

> After taking a chemical test administered at the request of a peace officer, you have a right to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

demand that a person of your own choosing administer a breath, blood or urine test. You are responsible for obtaining a chemical analysis of a test sample taken by a person of your own choosing.

The officer asked Einset to submit to a Breathalyzer test. Apparently, Einset declined, and no chemical tests were administered.

Defendant first raised his claim of improper advice of rights before the district court. His motion to dismiss was denied, and he obtained leave to appeal to the circuit court. Following the circuit court's grant of defendant's motion to dismiss on appeal, we granted leave to appeal to this Court.

MCL 257.625a; MSA 9.2325(1) sets forth the presumptions afforded to blood-alcohol level tests, and regulates the conditions under which the tests may be administered. The crux of this case is found in subsection (5), which provides:

The tests shall be administered at the request of a peace officer having reasonable grounds to believe the person has committed a crime described in subsection (1). A person who takes a chemical test administered at the request of a peace officer, as provided in this section, shall be given a reasonable opportunity to have a person of his or her own choosing administer 1 of the chemical tests described in this section within a reasonable time after his or her detention, and the results of the test shall be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant. If the person charged is administered a chemical test by a person of his or her own choosing, the person charged shall be responsible for obtaining a chemical analysis of the test sample. The person charged shall be informed that he or she has the right to demand that a person of his or her choosing administer 1 of the tests provided for in subsection (1),

that the results of the test shall be admissible and
shall be considered with other competent evidence
in determining the innocence or guilt of the defen-
dant, and that the person charged shall be respon-
sible for obtaining a chemical analysis of the test
sample.

Defendant and the circuit court focused upon
the last sentence of subsection 5, which contains
no conditional language regarding a defendant's
right to an independent test, to conclude that the
right to an independent test is unconditional.
Since the chemical test rights related to Einset
indicated that the right to an independent test was
conditional, the circuit court held that Einset had
been improperly deprived of the opportunity to
obtain exclupatory evidence.

We first note that two other panels of this Court
have remarked that an OUIL defendant has the
right to an independent test "if he takes a chemi-
cal test administered at the request of a police
officer." *Harbison v Secretary of State,* 147 Mich
App 63, 65; 383 NW2d 123 (1985), lv gtd 425 Mich
851 (1986); *People v Castle,* 108 Mich App 353, 357;
310 NW2d 379 (1981). However, in neither of these
cases was the conditional nature of the right to an
independent test at issue. We thus address the
instant case as one of first impression.

The primary goal of judicial interpretation of
statutes is to give effect to the intent of the Legis-
lature. *Browder v International Fidelity Ins Co,*
413 Mich 603, 611; 321 NW2d 668 (1982). The first
criterion is the specific language of the statute.
*Kalamazoo City Ed Ass'n v Kalamazoo Public
Schools,* 406 Mich 579, 603; 281 NW2d 454 (1979).

Read    alone,    the    last    sentence    of    MCL
257.625a(5); MSA 9.2325(1)(5) appears to support
the defendant's position. However, in construing a

statute, effect must be given to every phrase, clause and word as far as possible. One part of the statute should not be construed so as to render another part nugatory. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956); *In re Harris Estate,* 151 Mich App 780, 785-786; 391 NW2d 487 (1986). The second sentence of subsection 5 provides that an accused entitled to obtain an independent test is one "who takes a chemical test administered at the request of a police officer." This language therefore makes the right to an independent test contingent upon submitting to the test requested by the officer.

Thus, the circuit court erred in holding that Einset was improperly advised of his rights. Rather, the chemical test rights given by the arresting officer conformed to the statutory requirements. Accordingly, the circuit court is reversed, and this case is remanded to the district court for further proceedings.