PIETROCZEWSKI v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 100264. Submitted March 8, 1988, at Detroit. Decided May 13, 1988. Leave to appeal denied, 432 Mich —.

Adam Pietroczewski missed eighteen workdays due to injuries he sustained in an automobile accident. Pietroczewski submitted a claim for work loss benefits with his no-fault insurer, Auto Club Insurance Association, in the amount of $2,317.14. Pietroczewski arrived at this figure by dividing the total amount of work loss benefit allowable, $3,347, by the number of days he normally worked in a thirty-day period, twenty-six, resulting in $128.73, which he then multiplied by eighteen, the number of workdays missed, yielding $2,317.14. Auto Club calculated work loss benefits at $2,024.68, a figure it arrived at by adding $1,322.32, compensation which Pietroczewski earned for eight days of work within thirty days of his accident, to $2,317.14, for a total of $3,639.48. From this figure the maximum allowable benefit of $3,347 was subtracted to arrive at $292.48, the amount deemed to have been earned in excess of the maximum benefits payable for the period of time off work. $292.48 was then subtracted from $2,317.16 to arrive at $2,024.68. Pietroczewski, for himself and on behalf of all persons similarly situated, brought an action in the Wayne Circuit Court against Auto Club, claiming that defendant had improperly computed his benefits. The trial court, Michael L. Stacey, J., granted summary disposition in favor of defendant. Plaintiff appealed.

The Court of Appeals *held:*

The Legislature did not intend work loss benefits to be offset with income made outside the period for which work loss benefits are received.

Reversed and remanded.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — WORK LOSS BENEFITS — INCOME SETOFF.

Income made outside the period for which work loss benefits are

REFERENCES

Am Jur 2d, Automobile Insurance § 361.

See the Index to Annotations under Automobile Insurance; No-Fault Insurance.

received may not be deducted from work loss benefits payable for that period (MCL 500.3107[b]; MSA 24.13107).

*Jerry R. Swift, P.C.* (by *Colleen M. Broderick*), for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *David J. Lanctot*), and *John A. Lydick,* of Counsel, for defendant.

Before: McDONALD, P.J., and HOLBROOK, JR., and T. R. THOMAS,* JJ.

PER CURIAM. Plaintiff appeals as of right from an April 9, 1987, order granting defendant's cross-motion for summary disposition. We reverse.

Plaintiff was injured in a motor vehicle accident on May 12, 1985, and received no-fault benefits from his insurer, defendant Auto Club Insurance Association. The only issue to be determined on appeal is whether defendant erred in calculating plaintiff's work loss benefits due to an erroneous interpretation of § 3107(b) of the Michigan no-fault statute. MCL 500.3107(b); MSA 24.13107.

Section 3107(b) reads in part:

> The benefits payable for work loss sustained in a 30-day period and the income earned by an injured person for work during the same period together shall not exceed $1,000.00, which maximum shall apply pro rata to any lesser period of work loss.

Since the maximum work loss benefit is adjusted annually to reflect changes in the cost of living, the work loss maximum was $2,347 for the period October 1, 1984, to September 30, 1985. Plaintiff's purchase of an additional $1,000 in work loss benefits coverage increased plaintiff's maximum benefit to $3,347.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Following the accident, plaintiff missed work from May 13, 1985, through June 2, 1985. Plaintiff claims he was entitled to work loss benefits of $2,317.14. Plaintiff arrived at this sum by dividing the total maximum benefit allowable, or $3,347, by the number of days he normally worked in a thirty-day period, or twenty-six. The sum derived, $128.73, was then multiplied by eighteen, the number of days plaintiff was unable to work. Thus plaintiff argues he is entitled to $2,317.14.

Defendant paid plaintiff benefits in the amount of $2,024.68. Defendant does not dispute plaintiff's computation of $2,317.14, but argues that plaintiff has failed to complete the calculation. According to defendant, after the maximum benefit is divided by the number of regular workdays, and multiplied by the days actually missed, any income earned by the claimant within the thirty-day period of the accident must be added to the work loss benefits. Thus defendant argues because plaintiff worked for eight days following his eighteen-day work loss, and within thirty days of the first day missed, his earnings for these eight days, figured at $1,322.32, must be added to the maximum benefit payable for the time missed from work, $2,317.16, totalling $3,639.48. From this figure the maximum benefit allowable for the entire thirty-day period as noted above, $3,347, was subtracted. The remainder, $292.48, was the amount deemed to have been earned in excess of the maximum benefits payable for the period of time off work. Defendant then subtracted this figure from the benefits otherwise payable, and obtained the $2,024.68 ultimately paid plaintiff.

We agree with plaintiff and find that defendant has misinterpreted § 3107(b). We do not believe the Legislature intended work loss benefits to be offset with income made outside the period for which

work loss benefits are being received. The plain language of the statute supports this interpretation. *City of Saugatuck v Saugatuck Twp,* 157 Mich App 52; 403 NW2d 100 (1987). The section speaks to a "sustained" work loss period, within a thirty-day period. The earned income to be offset must be of this "same period." Thus we believe the income subject to offset must be earned within the "sustained" work loss period, whether this is thirty days or any lesser period. Moreover, a statutory provision must be read as a whole. *People v Einset,* 158 Mich App 608; 405 NW2d 123 (1987). The last phrase of the section indicates that the Legislature was not concerned with a calculated maximum based solely on thirty days, but used the thirty-day period as a mere framework to be adjusted pro rata for lesser periods of work loss and earned income. We believe the thirty-day period included in the statute merely serves as a reference point to assess the maximum benefit. This period is not absolute and is be to adjusted according to the actual work loss period.

Reversed and remanded.