PEOPLE v HAWKINS

Docket No. 116268. Submitted October 3, 1989, at Grand Rapids.
    Decided December 5, 1989.
        Defendant, Lee W. Hawkins, was arrested and charged with
        driving under the influence of intoxicating liquor after he was
        observed driving in the parking lot of a shopping center.
        Defendant moved in district court to dismiss the charge alleg-
        ing that the parking lot was not open to the public and, thus,
        he did not violate the relevant statute, MCL 257.625; MSA
        9.2325. The district court judge found that the parking lot was
        open to the public and dismissed the motion. Defendant ap-
        pealed and the Ottawa Circuit Court, Calvin L. Bosman, J.,
        concluded that, if defendant was driving on a certain easement
        portion of the parking lot intended for use as an entrance or
        exit from an adjoining condominium project, his behavior was
        in violation of the statute and that, if defendant was driving on
        the portion of the parking lot intended to service only the
        business invitees and licensees of the businesses in the shop-
        ping center, his behavior was not proscribed by the statute. The
        matter was remanded to district court for further proceedings.
        The prosecution sought leave to appeal to the Court of Appeals,
        which was denied. The prosecution then sought leave to appeal
        to the Supreme Court which, in lieu of granting leave to
        appeal, remanded the case back to the Court of Appeals for
        consideration as on leave granted. 432 Mich 880 (1989).
            The Court of Appeals held:
            1. Absent barriers to public access, a shopping center parking
        lot is a place open to the general public. Here, the entire
        parking lot is accessible to the general public without restric-
        tion.
            2. Considering the Legislature's intent and the wording of the
        statute, it is logical that the statute's protection covers an area

REFERENCES
Am Jur 2d, Automobiles and Highway Traffic § 301.
Applicability, to operation of motor vehicle on private property, of
    legislation making drunken driving a criminal offense. 29 ALR3d
    938.

so obviously open and accessible to the general public as the shopping center parking lot involved here.

3. The circuit court erred in ruling that drunk driving on public accessible parking lots was not proscribed by the statute.

The circuit court is reversed, the district court is affirmed, and the case is remanded to district court for further proceedings.

INTOXICATING LIQUORS — DRIVING UNDER THE INFLUENCE OF LIQUOR — PARKING LOTS.

Driving while under the influence of intoxicating liquor or a controlled substance, or both, is prohibited upon a highway or other place open to the general public, including an area designated for the parking of vehicles; a shopping center parking lot is an area open to the general public where there are no barriers or restrictions to public access to the lot (MCL 257.625[1]; MSA 9.2325[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Wesley J. Nykamp,* Prosecuting Attorney, and *Gregory J. Babbitt,* Assistant Prosecuting Attorney, for the people.

*Persinger & Farmer, P.C.* (by *Floyd H. Farmer, Jr.*), for defendant.

Before: WAHLS, P.J., and GRIBBS and R. B. BURNS,* JJ.

PER CURIAM. On remand from our Supreme Court, 432 Mich 880 (1989), the prosecution appeals a July 7, 1988, opinion of the Ottawa Circuit Court and subsequent order remanding the case to the 58th District Court.

Defendant was arrested for driving under the influence of intoxicating liquor in violation of MCL 257.625; MSA 9.2325. Defendant filed a motion to dismiss the charges in district court on the basis that the parking lot where he was arrested was

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

private property and not open to the public and, accordingly, not within the statute.

Tim Raha, a deputy sheriff for the Ottawa County Sheriff's Department, testified that on November 10, 1986, at about 12:20 A.M., he observed defendant driving in the parking lot of Leppink's Shopping Center in Ferrysburg, Michigan. Raha eventually arrested defendant for suspicion of operating a vehicle while under the influence of liquor. Officer Raha testified that there were no signs posted indicating that the parking lot was available for parking by the general public and that there were no businesses open in the shopping center.

John Leppink, the manager of Leppink's Supermarket, testified that there is an easement across the parking lot that is used as an entrance and exit for a condominium development behind the shopping center. Mr. Leppink also testified that there are vending machines and newspaper boxes located outside the stores, which are available for use anytime, night or day. There are no signs posted restricting the use of the parking lot and he allows car pool use, as well as truck drivers and their trucks to park in the lot overnight.

The district court found that the parking lot was open to the public as contemplated by the statute, and defendant's motion was dismissed.

Defendant appealed to the circuit court under MCR 7.103. The Ottawa Circuit Court judge issued an opinion in which he concluded that if defendant was driving on the easement portion of the parking lot his behavior was in violation of the statute. If defendant was only driving on that other portion of the parking lot intended to service only the business invitees and licensees of the businesses, his behavior was not proscribed by statute. The

matter was remanded to district court for further proceedings consistent with the opinion.

Thereafter, the prosecution applied for leave to appeal to this Court, which was denied. The prosecution then applied for leave to appeal to the Supreme Court. In lieu of granting leave, the Supreme Court remanded the case to this Court for consideration as on leave granted. 432 Mich 880 (1989).

The prosecution claims that the circuit court erred in ruling that the parking lot where defendant was arrested was not a place open to the public. We agree.

The primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature. *People v Einset,* 158 Mich App 608, 611; 405 NW2d 123 (1987), lv den 428 Mich 893 (1987). The first criterion is the specific language of the statute. *Id.*

MCL 257.625(1); MSA 9.2325(1) provides, in pertinent part:

> A person, whether licensed or not, who is under the influence of intoxicating liquor or a controlled substance, or a combination of intoxicating liquor and a controlled substance, shall not operate a vehicle upon a highway or other place open to the general public, including an area designated for the parking of vehicles, within the state.

A literal reading of this statute indicates that drunk driving on any place or parking lot which is merely open to the general public is prohibited, as opposed to any area that is obviously closed to the public. The language of the statute focuses upon the accessibility of the area to the public. Therefore, absent barriers to public access, a shopping center parking lot would be open to the public.

Arguably, such an area invites public access. In *State v Boucher,* 207 Conn 612, 616-617; 541 A2d 865 (1988), a Connecticut Supreme Court decision cited by the prosecution, public access and public invitation is explained as follows:

> Midas' invitation to the public, its availability to the public and its creation of parking lots for the use of the public while doing business with Midas add up to a parking area at the Manchester Midas Muffler shop that is "open to public use" as that term is used in § 14-212(5). A place is "public" to which the public is invited either expressly or by implication to come for the purpose of trading or transacting business. *State v Baysinger,* 272 Ind 236, 240-241; 397 NE2d 580 (1979), appeal dismissed sub nom *Dove v State,* 449 US 806; 101 S Ct 52; 66 L Ed 2d 10 (1980); *Peachey v Boswell,* 240 Ind 604, 622; 167 NE2d 48 (1960). "[A]ny parking lot . . . which the general public has access to, is a public parking lot." *Houston v State,* 615 P2d 305, 306 (Okla Crim App, 1980); see also *Columbia Pictures Industries, Inc v Aveco, Inc* [800 F2d 59, 63 (CA 3, 1986)]; *People v Sherman* [158 NYS2d 835, 837 (1957)]. "The terms 'open to the public' and to which 'the public has access' [in drunk driving statutes] are usually held to be broad enough to cover parking lots of restaurants, shopping centers, and *other areas where the public is invited to enter and conduct business.*" (Emphasis added.) 1 R Erwin [Defense of Drunk Driving Cases (3d ed)] § 1.03[5][c].

Given the intent of the Legislature to protect the general public from operators of automobiles who are under the influence of alcohol, along with the wording of the statute precluding intoxicated persons from operating vehicles not only on public highways but also in areas "open to the general public," including parking lots, it is logical that the protection covers an area so obviously open

and accessible to the general public as the shopping center parking lot in this case. This latter notion was expressed in *People v Tracy,* 18 Mich App 529, 532-533; 171 NW2d 562 (1969), where a panel of this Court addressed the interpretation of the language "open to the general public" contained in the statute:

> It is not necessary that an area be "open to travel" before an encroaching drunk driver can be arrested for driving on it.
>
> Since we may reason that it is the intention of the legislature to protect the general public from operators of motor vehicles who are under the influence of alcohol, it is logical to apply the statute to drinking drivers who are attempting to drive their vehicles in areas *open to the general public* which are not normally used by sober drivers for normal travel. The possibility of injury to the public does not abate, but instead may well be increased when a drinking driver is operating his vehicle on the public sidewalk, in a public park, or on a public lawn. This is obviously due to the fact that the public cannot be expected to be as aware of the presence of an impaired driver and his automobile which are proceeding in areas not normally open to vehicular traffic as they might be if they were in an area where automobiles are expected to be present. The law here stated is basic: Drunk drivers should not operate their vehicles in public places, more particularly, where the places are owned by the public.

Again, in *Boucher, supra,* the Connecticut Supreme Court explained the idea of public accessibility:

> For an area to be "open to public use" it does not have to be open to "everybody all the time." The essential feature of a public use is that it is

not confined to privileged individuals or groups whose fitness or eligibility is gauged by some predetermined criteria, but is open to the indefinite public. It is the indefiniteness or unrestricted quality of potential users that gives a use its public character. [Citations omitted. 207 Conn 615.]

In the instant case, the shopping center parking lot is accessible to the general public without restriction. There was also testimony that the lot was used after the stores closed. Therefore, the entire shopping center parking lot was a "place open to the general public, including an area designated for the parking of vehicles." MCL 257.625(1); MSA 9.2325(1).

The circuit court erred in ruling that drunk driving on public accessible parking lots was not proscribed by MCL 257.625; MSA 9.2325. The circuit court is reversed and the district court is affirmed. Remanded to district court for proceedings consistent with this opinion. We do not retain jurisdiction.