CITY OF HOLLAND v DREYER

Docket No. 115881. Submitted February 6, 1990, at Grand Rapids. Decided March 9, 1990.

John Dreyer was arrested in a trailer park in the City of Holland and charged with violating a city ordinance prohibiting operation of a vehicle while under the influence of intoxicating liquor. The ordinance is a duplicate of the state OUIL statute. Dreyer was tried in the 58th District Court. He moved for a directed verdict, arguing that the trailer park where he was arrested is not a place open to the general public as contemplated by the statute. The motion for a directed verdict was denied, and the jury found Dreyer guilty as charged. Dreyer appealed to the Ottawa Circuit Court, which reversed Dreyer's conviction and dismissed the charge, Calvin L. Bosman, J. The City of Holland appealed by leave granted.

The Court of Appeals *held:*

The circuit court erred in ruling that the trailer park road was not covered under the ordinance or statute. Testimony of the manager of the park clearly showed that the trailer park road is accessible to the general public.

The decision of the circuit court is reversed. The decision of the district court is affirmed and the matter is remanded for reinstatement of defendant's conviction.

CRIMINAL LAW — INTOXICATING LIQUORS — OPERATING A VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR — PLACES OPEN TO GENERAL PUBLIC — TRAILER PARKS.

Driving while under the influence of intoxicating liquor or a controlled substance, or both, is prohibited upon a highway or other place open to the general public, including an area designated for the parking of vehicles; a road leading through a trailer park which, although built and maintained privately, is open to the general public twenty-four hours a day is a place

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 205, 301.

Applicability, to operation of motor vehicle on private property, of legislation making drunken driving a criminal offense. 29 ALR3d 938.

open to the general public as contemplated by the statute (MCL 257.625[1]; MSA 9.2325[1]).

*Kenneth B. Breese,* for plaintiff.

*Roper, Meyers, Knoll, Bauer & Knoll, P.C.* (by *Bradley S. Knoll*), for defendant.

Before: CAVANAGH, P.J., and McDONALD and MARILYN KELLY, JJ.

PER CURIAM. The City of Holland appeals by leave granted the circuit court's order reversing defendant's conviction for driving under the influence of intoxicating liquor, in violation of a local ordinance. We reverse.

Defendant was arrested in the Ken-Mar Trailer Park after he backed his automobile into a stationary vehicle. His blood-alcohol level measured 0.24 percent. He was charged under a local ordinance which is a duplicate of the state OUIL statute, MCL 257.625; MSA 9.2325.

The statute provides in part:

> A person, whether licensed or not, who is under the influence of intoxicating liquor or a controlled substance, or a combination of intoxicating liquor and a controlled substance, shall not operate a vehicle upon a highway or other place open to the general public, including an area designated for the parking of vehicles, within the state. [MCL 257.625(1); MSA 9.2325(1)].

Defendant moved for a directed verdict. He claimed the mobile home park was not a "place open to the general public" as contemplated by the

statute. The district court denied his motion, and the jury found him guilty. Defendant then appealed to the circuit court raising the same issue. The judge there agreed with defendant, reversed the conviction and dismissed the charges.

The sole issue on appeal is whether the Ken-Mar Trailer Park was a place open to the general public.

Donald VanHekken, the manager of the park, testified that the park road was built and maintained privately but was open to the general public. The park was open twenty-four hours a day. A person using its roadway as a shortcut would not be prosecuted for trespassing. Large trucks were discouraged from coming through, and solicitors were prohibited without prior management approval.

The purpose of the OUIL statute is to protect the general public from persons who drive while intoxicated. *People v Hawkins,* 181 Mich App 393, 397; 448 NW2d 858 (1989). A literal reading of it indicates that drunk driving on any highway, other place or parking lot which is open to the general public is prohibited. Not included is an area obviously closed to the public. The focus is on the accessibility of the area to the public. *Hawkins,* p 396.

VanHekken's testimony clearly shows that the trailer park road was accessible to the general public. The circuit court erred in ruling that the road was not covered under the ordinance or statute.

The circuit court is reversed, and the district court is affirmed. We remand for reinstatement of defendant's conviction. We do not retain jurisdiction.