PEOPLE v NICKERSON

Docket No. 188925. Submitted October 14, 1997, at Lansing. Decided January 20, 1998, at 9:05 A.M.

James A. Nickerson was charged in the 73-1 District Court with the misdemeanor of operating a vehicle while under the influence of intoxicating liquor (OUIL), MCL 257.625(1); MSA 9.2325(1). The court, Karl E. Kraus, J., granted the defendant's motion to dismiss the charge, finding that the pit area of the Owendale Speedway where the offense occurred was not a place "open to the general public" and therefore not within the purview of the OUIL statute. The prosecution appealed, and the Huron Circuit Court, M. Richard Knoblock, J., denied the prosecutor's motion to reverse the district court's order of dismissal, finding the pit area was not an area "generally accessible to the public" and therefore the OUIL statute did not apply. The prosecution appealed by leave granted.

The Court of Appeals *held*:

1. The OUIL statute specifies two distinct alternative places other than highways where driving a vehicle while under the influence of liquor is prohibited. The disjunctive phrases "open to the general public" and "generally accessible to motor vehicles" specify those places.

2. The circuit court erred in construing the OUIL statute as prohibiting driving while under the influence of liquor in places "generally accessible to the public." The district court erred in failing to separately determine whether driving in the speedway's pit area while under the influence of liquor fell within the purview of the OUIL statute's "generally accessible to motor vehicles" language.

3. The pit area involved in this case is a place "generally accessible to motor vehicles." The OUIL statute applies in this case. The district court's dismissal of the charge and the circuit court's denial of the motion to reverse the district court's dismissal must be reversed and the matter must be remanded to the district court for reinstatement of the OUIL charge and further proceedings.

Reversed and remanded.

INTOXICATING LIQUORS — DRIVING UNDER THE INFLUENCE OF LIQUOR — WORDS AND PHRASES — OPEN TO THE GENERAL PUBLIC — GENERALLY ACCESSIBLE TO MOTOR VEHICLES.

.

The disjunctive phrases "open to the general public" and "generally accessible to motor vehicles" in the statute prohibiting operating a vehicle while under the influence of intoxicating liquor specify two distinct alternative places other than highways where driving a vehicle while under the influence of liquor is prohibited; the OUIL statute is violated if a person, while under the influence of liquor, is driving in a place "generally accessible to motor vehicles," even if the place is not "open to the general public" (MCL 257.625[1]; MSA 9.2325[1]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Mark J. Gaertner*, Prosecuting Attorney, and *Paul D. Lochner*, Chief Assistant Prosecuting Attorney, for the people.

Before: YOUNG, P.J., and MARKMAN and SMOLENSKI, JJ.

SMOLENSKI, J. The Huron County Prosecutor appeals by leave granted a circuit court order denying the prosecutor's motion to reverse a district court judgment that dismissed a misdemeanor charge against defendant of operating a vehicle while under the influence of intoxicating liquor (OUIL), MCL 257.625(1); MSA 9.2325(1). We reverse and remand.

Defendant was arrested for and charged with misdemeanor OUIL arising out of an August 1994 motor vehicle accident that occurred in the pit area of the Owendale Speedway. At that time, the OUIL statute provided, in relevant part, that a person, while under the influence of intoxicating liquor,

shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles . . . . [MCL 257.625(1); MSA 9.2325(1).][1]

---

[1] Although MCL 257.625; MSA 9.2325 has been amended several times since August 1994, the statutory language at issue in this case has remained unchanged.

Defendant subsequently moved in district court to dismiss the charge on the ground that the OUIL statute did not apply in this case. In support of his motion, defendant relied on *People v Hawkins*, 181 Mich App 393; 448 NW2d 858 (1989), in which this Court considered the issue whether driving in a shopping center parking lot while under the influence of liquor came within the purview of the OUIL statute. At the time the OUIL offense at issue in *Hawkins* occurred, the OUIL statute did not contain the "generally accessible to motor vehicles" language currently found in the statute, but rather provided only that a person, while under the influence of intoxicating liquor,

> "shall not operate a vehicle upon a highway or other place open to the general public, including an area designated for the parking of vehicles . . . ." [*Id.* at 396, quoting MCL 257.625(1); MSA 9.2325(1) [2].]

In *Hawkins*, at 397-399, this Court noted that places open to the general public have been deemed to be places where the public is invited to enter and conduct business or places that are open to the public without restriction. The *Hawkins* Court determined that the parking lot was a " 'place open to the general public, including an area designated for the parking of vehicles' " because the parking lot was "accessible to the general public without restriction." *Id.* at 399. In his motion below in this case, defendant argued that the pit area was not a "place open to the general public," but rather was a restricted area not within the purview of the OUIL statute because the speedway charged a $14 admission fee to get into the pit area.

---

[2] The "generally accessible to motor vehicles" language was added to this statute by 1991 PA 98.

In response, the prosecutor contended that the admission fee was not the dispositive factor and that the pit area was an area "open to the general public." The prosecutor also noted that *Hawkins* was decided before the OUIL statute was amended to include the "generally accessible to motor vehicles" language. The prosecutor thus contended that the pit area was also a place "generally accessible to motor vehicles" and, therefore, within the purview of the OUIL statute.

The district court subsequently conducted an evidentiary hearing regarding defendant's motion. The speedway's owner testified that race spectators can park for free in the general parking area at the speedway, pay a $6 admission fee, and sit in the general admission stands to watch the races. The owner testified that, alternatively, spectators can pay $14 and enter the pit area. The owner testified that the pit area is essentially a large field next to the race track and that, analogous to a drive-in theater, spectators can drive their vehicles into the pit area through a gate monitored by speedway employees, park, and watch the races from their vehicles. The owner testified that in order to enter the pit area the general rules are that spectators must be at least fourteen years old, unless accompanied by an adult, and sign a waiver for insurance purposes. The owner testified that the speedway is lenient about enforcing these rules.

Following the presentation of the evidence, the parties reiterated their previous arguments. The district court granted defendant's motion to dismiss. Without further elaboration, the district court simply noted that with respect to the OUIL statute there was no doubt about the Legislature's intent concerning those

portions of the statute relating to "highways" or "an area generally accessible to motor vehicles including an area designated for the parking of vehicles." The court then stated that it was concerned with the meaning of the phrase "other place open to the general public." The court ultimately found that the pit area was not a place "open to the general public," and therefore not within the purview of the OUIL statute, because of the age and wavier requirements for admission into the pit area.

The prosecutor appealed to the circuit court and moved to reverse the district court's order of dismissal. The prosecutor contended that under *Hawkins* the pit area was a "place open to the general public" because the public was invited to enter and transact business in the pit area. The prosecutor also contended that the pit area was an area "generally accessible to motor vehicles" and that the district court had erred in ignoring the disjunctive statutory language. Defendant responded that under *Hawkins* the pit area was not an area "open to the general public." Defendant also contended that for the same reasons that the pit area was not a place "open to the general public," the pit area was likewise not a place "generally accessible to motor vehicles."

The circuit court denied the prosecutor's motion, stating as follows:

> Well I think that the fact that—you know, if I was deciding this from scratch as the district court was confronted with the issue, then I might conclude differently than the district judge did. However, the standard of review requires that—that I grant some deference to the finding of the district court and—and the application of the facts as stated in the record there to the statute in question and base it on that.

> And I think although perhaps when reading the opinion of the district judge he did not clearly enunciate that he was trying to determine whether or not this area was generally accessible to motor vehicles and instead often referred to open to the general public, I think that he clearly understood what the terms of the statute were and understood what was—he was called upon to decide.
>
> And I think it's in his judgment and that's how he ruled, this area was not generally accessible to the public and for that reason concluded that the—that the statute did not apply. And I don't find that based on this record to be clearly erroneous and so for that reason I'm going to affirm the decision of the district court.

On appeal to this Court, the prosecutor again argues that the pit area is a place that is "generally accessible to motor vehicles." We agree.

This case concerns a question of statutory interpretation. We review de novo this question of law. *People v Denio*, 454 Mich 691, 698; 564 NW2d 13 (1997). The purpose of statutory interpretation is to give effect to the intent of the Legislature. *Id.* at 699. If a statute is clear, we enforce it as plainly written. *Id.* In interpreting statutes, words are to be given their common, generally accepted meaning. *Id.* The court should presume that every word has some meaning and should avoid any construction that would render a statute, or any part of it, surplusage or nugatory. *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992). As far as possible, effect should be given to every phrase, clause, and word. *Jenkins v Great Lakes Steel Corp*, 200 Mich App 202; 503 NW2d 668 (1993). When its sense is not rendered dubious, the word "or" should be given its usual meaning. *People v Humphreys*, 221 Mich App 443; 561 NW2d 868 (1997).

Here, the statutory language is clear. Specifically, the disjunctive phrases "open to the general public" and "generally accessible to motor vehicles" specify two distinct alternative places other than highways where driving a vehicle while under the influence of liquor is prohibited. Thus, even if a place is not "open to the general public," the OUIL statute is violated if a person, while under the influence of liquor, is driving in a place "generally accessible to motor vehicles." Clearly the Legislature intended to broaden the coverage of the OUIL statute when it amended this statute to additionally prohibit drunk driving in places "generally accessible to motor vehicles." The circuit court erred in construing the OUIL statute as prohibiting driving while under the influence of liquor in places "generally accessible to the public." The district court erred in failing to separately determine whether driving in the speedway's pit area while under the influence of liquor fell within the purview of the OUIL statute's "generally accessible to motor vehicles" language.

In this case, the evidence adduced at the evidentiary hearing revealed that the pit area is a place where vehicles are routinely permitted to enter for the purpose of driving and parking. Clearly, the pit area is a place "generally accessible to motor vehicles," and the OUIL statute, therefore, applies in this case.[3] Accord *United States v Graef*, 31 F3d 362, 364 (CA 6, 1994) (restricted road inside security fence of federal Air National Guard base was an area "generally accessible to motor vehicles" for purposes of the

---

[3] In light of this conclusion, we need not address the prosecutor's remaining issue whether the pit area is a place "open to the general public."

Michigan OUIL statute). This construction of the OUIL statute is in accord with its purpose, which is to prevent "the collision of a vehicle being operated by a person under the influence of intoxicating liquor with other persons or property." *People v Wood*, 450 Mich 399, 404; 538 NW2d 351 (1995). Accordingly, we reverse both the district court's dismissal of the OUIL charge against defendant and the circuit court's denial of the prosecutor's motion to reverse the district court's dismissal. We remand to the district court for reinstatement of the OUIL charge and further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.