PEOPLE v WILLIAMS

Docket No. 210674. Submitted May 11, 1999, at Grand Rapids. Decided July 23, 1999, at 9:10 A.M.

Matthew J. Williams was charged in the Kent Circuit Court with possession with intent to deliver less than fifty grams of cocaine. The defendant moved to suppress evidence of the cocaine, which the police found on the defendant after they stopped his automobile for defective equipment, i.e., one of two tail lamps on the automobile was inoperative. The court, Dennis C. Kolenda, J., suppressed the evidence of the cocaine and dismissed the charge, ruling that the traffic stop was invalid because the defendant's automobile was not in violation of § 686 of the Vehicle Code, MCL 257.686; MSA 9.2386, inasmuch as § 686 requires only a single tail lamp and a separate lamp for the registration plate to be operative. The prosecution appealed.

The Court of Appeals *held*:

Subsection 686(1) of the Vehicle Code provides that a motor vehicle shall be equipped with at least one rear lamp. Subsection 686(2) provides that a tail lamp or tail lamps, together with any separate lamp for illuminating the rear registration plate, shall be wired so as to be lighted whenever the head lamps or auxiliary driving lamps are lighted. The construction of these provisions that best accomplishes the traffic safety purpose of the Vehicle Code is that they require all tail lamps on an automobile to be operative and that an automobile with multiple tail lamps is in violation of the Vehicle Code when one or more of its tail lamps is inoperative.

Reversed.

AUTOMOBILES — VEHICLE CODE — TAIL LAMPS.

The Vehicle Code requires an automobile to have at least one tail lamp; an automobile with multiple tail lamps is in violation of the Vehicle Code whenever one or more of its tail lamps does not light up when its head lamps or auxiliary driving lamps are lit. (MCL 257.686; MSA 9.2386).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Pros-

ecuting Attorney, *Timothy K. McMorrow*, Chief Appellate Attorney, and *Vicki L. Seidl*, Assistant Prosecuting Attorney, for the people.

*Dilley, Dilley, Murkowski & Goller* (by *David M. Murkowski*), for the defendant.

Before: SAWYER, P.J., and MURPHY and TALBOT, JJ.

TALBOT, J. The prosecution appeals as of right from an order granting defendant's motion to suppress evidence. We reverse.

Early in the morning on November 2, 1997, two police officers on patrol in the city of Grand Rapids observed a moving vehicle with an inoperative tail lamp on the passenger's side. The tail lamp on the driver's side was working. Believing that the single inoperative tail lamp constituted a violation of the Vehicle Code, MCL 257.1 *et seq.*; MSA 9.1801 *et seq.*, the officers stopped the car. As they approached the car, they noticed the passenger make a "furtive gesture" with his hand near the floor. Defendant, who was the driver, consented to a search of the vehicle. The passenger consented to a search of his person and was arrested for providing false identification to a police officer. The police then searched defendant and found cocaine on him. After being bound over for trial on a charge of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), defendant moved to suppress the evidence of the cocaine on the ground that the initial traffic stop was invalid. The trial court agreed that the initial stop was invalid, reasoning that the Vehicle Code required only that defendant's car be equipped with at least one operative tail lamp. On the basis of its determination

that the initial stop was invalid, the trial court suppressed the evidence discovered as a result of the stop and dismissed the charge against defendant.

In order to effectuate a valid traffic stop, a police officer must have an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of law.[1] See *Delaware v Prouse*, 440 US 648, 663; 99 S Ct 1391; 59 L Ed 2d 660 (1979); see also *People v Burrell*, 417 Mich 439, 450; 339 NW2d 403 (1983); *People v Yeoman*, 218 Mich App 406, 410; 554 NW2d 577 (1996). Thus, on reasonable grounds shown, a police officer may stop and inspect a motor vehicle for an equipment violation. MCL 257.683(2); MSA 9.2383(2). In this case, defendant does not dispute the trial court's finding that the police officers observed that one of the two tail lamps on defendant's car was inoperative. Accordingly, the essential issue on appeal is whether driving an automobile with an inoperative passenger-side tail lamp constitutes a violation of the Vehicle Code.

Resolution of this issue requires judicial interpretation of § 686 of the Vehicle Code, MCL 257.686; MSA 9.2386, which addresses rear lamps. Statutory interpretation is a question of law that is reviewed de novo. *People v Pitts*, 222 Mich App 260, 265; 564 NW2d 93 (1997). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. The first step in determining intent is to focus on the specific language of the statute; the Legislature is presumed to have intended the

---

[1] Stopping an automobile and detaining its occupants constitutes a "seizure" within the meaning of the Fourth Amendment, even if the purpose of the stop is limited and the resulting detention is brief. E.g., *Delaware v Prouse*, 440 US 648, 653; 99 S Ct 1391; 59 L Ed 2d 660 (1979).

meaning it plainly expressed. If the statutory language is clear and unambiguous, further judicial construction is neither necessary nor permitted. See *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995); *Pitts, supra* at 265-266. If reasonable minds can differ with respect to the meaning of a statute, however, judicial construction is appropriate. The court must look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute. Statutory provisions must also be read in the context of the entire statute so as to produce an harmonious whole. *Pitts, supra* at 266. Courts should avoid any construction that would render statutory language nugatory. See *People v Nickerson*, 227 Mich App 434, 439; 575 NW2d 804 (1998).

Section 686 of the Vehicle Code provides, in part, as follows:

> (1) A motor vehicle, trailer, semitrailer, pole trailer, or vehicle which is being drawn in a train of vehicles *shall be equipped with at least 1 rear lamp mounted on the rear*, which, when lighted as required by this act, shall emit a red light plainly visible from a distance of 500 feet to the rear.
>
> (2) Either a tail lamp or a separate lamp shall be constructed and placed so as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear. *A tail lamp or tail lamps, together with any separate lamp for illuminating the rear registration plate, shall be wired so as to be lighted whenever the head lamps or auxiliary driving lamps are lighted.* [MCL 257.686; MSA 9.2386 (emphasis added).]

The plain language of subsection 686(1) states that all motor vehicles must be "equipped with" at least one "rear lamp." There is no dispute that defendant's automobile satisfied this requirement, because it was

equipped with two tail lamps. The language of the second sentence of subsection 686(2) is less clear. Arguably, it could be read to provide either (1) that a tail lamp must be wired so as to be lighted as specified in order to comply with the Vehicle Code—the implication being that an automobile with a tail lamp not wired so as to be lighted as specified would be in violation of the Vehicle Code—or (2) that an automobile must be equipped with at least one tail lamp wired so as to be lighted as specified in order to be in compliance with the Vehicle Code.

We think the first reading comes closer to producing an harmonious whole. If the Legislature intended the second sentence of subsection 686(2) to mean only that an automobile must have one operative tail lamp in order to be in compliance with the Vehicle Code, the words "or tail lamps" would be rendered nugatory. On the other hand, under the first reading of subsection 686(2), the words "a tail lamp" would refer to those motor vehicles "equipped with" only one tail lamp, while the words "tail lamps" would refer to those motor vehicles "equipped with" multiple tail lamps. Accordingly, the first reading is preferable. See *Nickerson, supra* at 439. Moreover, we believe that the first reading best accomplishes the purpose of the Vehicle Code, which is to promote traffic safety. See *People v Rogers*, 438 Mich 602, 620; 475 NW2d 717 (1991) (BRICKLEY, J.), citing *Jacobson v Carlson*, 302 Mich 448, 452-454; 4 NW2d 721 (1942). Under the second reading of subsection 686(2), an automobile equipped with multiple tail lamps—and therefore presumably intended to function with multiple tail lamps—would be in compliance with the Vehicle Code even if one of its tail lamps was inoperative.

Conversely, under the first reading of subsection 686(2), all tail lamps intended for use on an automobile would have to be operative in order for the automobile to be in compliance with the Vehicle Code. We assume that when multiple tail lamps are included in an automobile's design, they are intended, in part, to function together to enhance safety.

For the reasons stated, we conclude that a motor vehicle equipped with multiple tail lamps is in violation of subsection 686(2) of the Vehicle Code if one or more of its tail lamps is inoperative.[2] Therefore, we hold that the trial court erred as a matter of law in determining that the Vehicle Code provided no basis for the traffic stop.

Reversed.

---

[2] Our conclusion in this case is consistent with *People v Johnson*, 48 Mich App 50, 52-53; 209 NW2d 868 (1973), rev'd on other grounds 393 Mich 488; 227 NW2d 523 (1975), in which a panel of this Court held that a prior version of subsection 686(2) [then subsection 686(b)] of the Vehicle Code permitted a valid traffic stop on the same facts.