# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF EAST GRAND RAPIDS,

Plaintiff-Appellee,

v

TREVOR ALLEN VANDERHART,

Defendant-Appellant.

UNPUBLISHED
April 11, 2017

No. 329259
Kent Circuit Court
LC No. 14-010058-AR

Before: MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

MURPHY, P.J. (*concurring*).

I agree with the lead opinion that we should affirm the circuit court's ruling reversing the district court's decision to set aside defendant's jury-trial conviction of operating a motor vehicle while intoxicated, MCL 257.625(1)(b). I respectfully disagree, however, with the analysis of the lead opinion. I cannot conclude that a single dim taillight equates to "an unsafe condition as to endanger a person" for purposes of MCL 257.683(1). Instead, I would hold that the circuit court employed the correct analysis. Accordingly, I concur.

"A police officer on reasonable grounds shown may stop a motor vehicle and inspect the motor vehicle, and if a defect in equipment is found, the officer may issue the driver a citation for a violation of a provision of sections 683 to 711." MCL 257.683(2). Section 686 concerns rear lamps, i.e., taillights, and provides in pertinent part:

> (1) A motor vehicle . . . shall be equipped with at least 1 rear lamp mounted on the rear, which, when lighted as required by this act, shall emit a red light plainly visible from a distance of 500 feet to the rear.

> (2) Either a tail lamp or a separate lamp shall be constructed and placed so as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear. A tail lamp or *tail lamps*, together with any separate lamp for illuminating the rear registration plate, *shall be wired so as to be lighted* whenever the head lamps or auxiliary driving lamps are lighted. [MCL 257.686 (emphasis added).]

-1-

In *People v Williams*, 236 Mich App 610; 601 NW2d 138 (1999), the police stopped a motor vehicle that had an inoperative passenger-side taillight; the taillight on the driver's side of the car worked properly. This Court construed MCL 257.686(1) and (2) and held as follows:

> The plain language of subsection 686(1) states that all motor vehicles must be "equipped with" at least one "rear lamp." There is no dispute that defendant's automobile satisfied this requirement, because it was equipped with two tail lamps. The language of the second sentence of subsection 686(2) is less clear. Arguably, it could be read to provide either (1) that a tail lamp must be wired so as to be lighted as specified in order to comply with the Vehicle Code—the implication being that an automobile with a tail lamp not wired so as to be lighted as specified would be in violation of the Vehicle Code—or (2) that an automobile must be equipped with at least one tail lamp wired so as to be lighted as specified in order to be in compliance with the Vehicle Code.

> We think the first reading comes closer to producing an harmonious whole. If the Legislature intended the second sentence of subsection 686(2) to mean only that an automobile must have one operative tail lamp in order to be in compliance with the Vehicle Code, the words "or tail lamps" would be rendered nugatory. On the other hand, under the first reading of subsection 686(2), the words "a tail lamp" would refer to those motor vehicles "equipped with" only one tail lamp, while the words "tail lamps" would refer to those motor vehicles "equipped with" multiple tail lamps. Accordingly, the first reading is preferable. Moreover, we believe that the first reading best accomplishes the purpose of the Vehicle Code, which is to promote traffic safety. Under the second reading of subsection 686(2), an automobile equipped with multiple tail lamps— and therefore presumably intended to function with multiple tail lamps—would be in compliance with the Vehicle Code even if one of its tail lamps was inoperative. Conversely, under the first reading of subsection 686(2), all tail lamps intended for use on an automobile would have to be operative in order for the automobile to be in compliance with the Vehicle Code. We assume that when multiple tail lamps are included in an automobile's design, they are intended, in part, to function together to enhance safety.

> For the reasons stated, we conclude that a motor vehicle equipped with multiple tail lamps is in violation of subsection 686(2) of the Vehicle Code if one or more of its tail lamps is inoperative. Therefore, we hold that the trial court erred as a matter of law in determining that the Vehicle Code provided no basis for the traffic stop. [*Williams*, 236 Mich App at 613-615 (citations omitted).]

In this case, defendant's vehicle was equipped with the standard two taillights, and while the passenger-side taillight was operating or functioning, it was not doing so fully, as the taillight was significantly dimmer than the other taillight. MCL 257.686(2), as interpreted by the panel in *Williams*, required defendant's vehicle's two taillights to be "lighted," given that the head lamps were lit when defendant was pulled over by the officer. It is reasonable to conclude that the Legislature, in using the word "lighted" in that context, intended for taillights to be *properly* or *fully* lit when a car's headlights are turned on. A sound argument can be made that a defective or

-2-

malfunctioning taillight violates MCL 257.686(2), even though some light may still emanate from the taillight. *Williams* does not preclude that construction; rather, it tends to lend support for such an interpretation, given the Court's aim to accomplish the purpose of the Vehicle Code, which is to promote traffic safety. *Williams*, 236 Mich App at 614.

Nevertheless, assuming, without ultimately deciding, that MCL 257.686(2) cannot serve as a legal basis for the officer to have stopped defendant's vehicle for the dim or malfunctioning taillight, the officer's belief to the contrary constituted a reasonable mistake of law. See *People v Dunbar*, 499 Mich 60, 71 n 9; 879 NW2d 229 (2016) ("[A] police officer's reasonable suspicion supporting a traffic stop may rest on a 'reasonable mistake of law.' ") (Quoting *Heien v North Carolina*, 574 US __; 135 S Ct 530, 536; 190 L Ed 2d 475 [2014].) There certainly is sufficient ambiguity in MCL 257.686(2) to support this conclusion. My analysis is generally consistent with that employed by the circuit court.[1]

In sum, I respectfully concur.

/s/ William B. Murphy

---

[1] The lead opinion definitively determines that for taillights to be "lighted" for purposes of MCL 257.686(2), they must emit a light visible from 500 feet away, as alluded to in MCL 257.686(1). I cannot state that this interpretation is wrong, but one could reasonably argue that the lead opinion conflates subsections (1) and (2) of MCL 257.686, effectively requiring both taillights on a motor vehicle to emit a red light that can plainly be seen from a distance of 500 feet, even though the Legislature, for whatever reason, plainly and specifically insisted that just one taillight emit a light from that distance. The bottom line is that MCL 257.686(2) can be construed in multiple ways that are reasonable, rendering it ambiguous and susceptible to a reasonable mistake of law by an officer.