*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ALEC MICHAEL SWARTZ,

        Defendant-Appellant.

UNPUBLISHED
March 11, 2021

No. 349936
Lapeer Circuit Court
LC No. 2017-012992-FH

Before: TUKEL, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

Defendant Alec Michael Swartz, proceeding *in propria persona*, appeals his jury conviction of resisting or obstructing a police officer, MCL 750.81d(1). The trial court sentenced Swartz to 30 days in the Lapeer County Day Reporting Program. We affirm.

## I. BACKGROUND

In the early morning hours of August 25, 2017, Officer Trevor Johnson was on patrol in a police cruiser when he observed Swartz's vehicle change lanes without signaling. Officer Johnson then paced Swartz's vehicle and determined that it was traveling 10 miles per hour greater than the posted speed limit. Based on these two traffic violations, Officer Johnson initiated a traffic stop. After Swartz pulled over, Officer Johnson got out of the police cruiser and approached Swartz's vehicle. Officer Johnson asked Swartz multiple times for his driver's license, registration, and proof of insurance. Swartz refused to produce the documents.

Officer Johnson requested assistance from Sergeant John Cipielewski, who arrived on the scene within minutes. Sergeant Cipielewski told Swartz to display his driver's license by putting it up to the window, which Swartz had rolled down only a few inches. Swartz again refused to comply, and he argued with the officers. After several minutes of unsuccessfully seeking Swartz's compliance, the officers informed Swartz that he was under arrest "for failing to provide his driver's license[.]" Swartz was instructed to exit the vehicle. After Swartz ignored the requests, Officer Johnson used a window punch to break the driver's side window. Officer Johnson unlocked the door and instructed Swartz to exit the vehicle. When Swartz again did not comply, Officer Johnson unbuckled Swartz's seatbelt, grabbed his arm, and pulled Swartz, who "stiffened up" and "pulled away." After two or three attempts, the officers were able to remove Swartz from

the vehicle and handcuff him. Swartz's vehicle was impounded, and an inventory search was conducted. The search uncovered a dagger.

Swartz was charged with two counts of resisting or obstructing a police officer and one count of carrying a concealed weapon, MCL 750.227. At trial, Swartz admitted that he did not comply with any of the officers' commands during the traffic stop. Instead, Swartz argued, *inter alia*, that the police officers' testimony was hearsay, that he did not show any aggression during the encounter with the officers, and that the officers did not suffer any injuries. Swartz was convicted of one count of resisting or obstructing a police officer in relation to Officer Johnson and was acquitted of the remaining charges. Swartz was sentenced as described above. This appeal followed.

## II. ANALYSIS

Preliminarily, we note that Swartz's pro se brief is wrought with deficiencies. Swartz's statement of the questions involved are not structured as actual legal arguments, but more as rhetorical or arbitrary questions. Furthermore, in his statement of the facts, Swartz makes numerous statements that are not based on any testimony or other evidence that was presented during trial. Indeed, Swartz fails to provide the facts underlying his convictions. Swartz also makes sporadic statements that are not relevant to his conviction or sentence, and he provides little citation to the record. The argument section of Swartz's brief consists of three pages, and it contains no meaningful argument or citation to supporting legal authority.

A criminal defendant's pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972); see also *People v Herrera*, 204 Mich App 333, 339; 514 NW2d 543 (1994). This less-stringent standard, however, does not eliminate the requirement that a defendant provide some factual and legal support for his claims and an understandable argument. See *Estelle v Gamble*, 429 US 97, 106-108; 97 S Ct 285; 50 L Ed 2d 251 (1976). Indeed, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). A defendant abandons his claims when he fails to make a meaningful argument in support of his position. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). "The failure to brief the merits of an allegation of error [also] constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004).

To the extent that Swartz's arguments can be viewed as presenting challenges to the sufficiency of the evidence, they are without merit. We review de novo a challenge to the sufficiency of the evidence. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). When ascertaining whether sufficient evidence was presented at trial to support a conviction, "this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted).

As already stated, Swartz was convicted of resisting or obstructing a police officer. In order to convict a defendant of this offense, the prosecutor must establish that

(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties. [*People v Vandenberg*, 307 Mich App 57, 68; 859 NW2d 229 (2014) (quotation marks and citation omitted).]

" 'Obstruct' includes. . . .a knowing failure to comply with a lawful command." MCL 750.81d(7)(a). The prosecutor also must prove that the conduct of the officer from which the defendant's resistance or obstruction arose was lawful. *People v Moreno*, 491 Mich 38, 51-52; 814 NW2d 624 (2012). See also *People v Quinn*, 305 Mich App 484, 492; 853 NW2d 383 (2014) ("the prosecution must establish that the officers acted lawfully as an actual element of the crime of resisting or obstructing a police officer under MCL 750.81d.").[1]

On appeal, Swartz appears to challenge the traffic stop. "In order to [constitutionally] effectuate a valid traffic stop, a police officer must have an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of law." *People v Williams*, 236 Mich App 610, 612; 601 NW2d 138 (1999). A traffic stop is constitutional "when there is probable cause to believe that a driver has violated a traffic law," even if the police officer's subjective intent for the stop was based on other factors. *People v Kavanaugh*, 320 Mich App 293, 299; 907 NW2d 845 (2017).

We conclude that a rational trier of fact could find that the traffic stop was lawful. Officer Johnson testified that he observed Swartz speeding and change lanes without signaling, and that he initiated a traffic stop based on these civil infractions.[2] After successfully conducting the traffic stop, Officer Johnson requested on multiple occasions that Swartz produce his driver's license, registration, and proof of insurance. These were lawful requests. See MCL 257.311; MCL 257.223(1); MCL 257.328(1). Nonetheless, Swartz refused to produce the documentation. Consequently, we conclude that a rational trier of fact could find that the traffic stop was lawful and that Swartz thereafter failed to comply with Officer Johnson's lawful commands.

The evidence was also sufficient to enable the jury to find beyond a reasonable doubt that Swartz knew or had reason to know that Officer Johnson was a police officer who was performing his duties. Although Swartz asserts that Officer Johnson could have been a private individual in disguise, there was no evidence to suggest that Officer Johnson—who was in full uniform and driving a fully marked police vehicle—was not a duly authorized police officer. In sum, we conclude that the evidence presented at trial was sufficient to establish beyond a reasonable doubt that Swartz committed the crime of resisting or obstructing a police officer.

With respect to Swartz's remaining arguments on appeal, we conclude that they are abandoned. Indeed, Swartz fails to explain the factual or legal basis for the arguments, many of

---

[1] Contrary to Swartz's arguments, the prosecutor was not required to prove that the police officers suffered a physical or monetary injury.

[2] MCL 257.627(16) and MCL 257.648.

which are simply illogical, extraneous, or irrelevant. Accordingly, Swartz's remaining claims are abandoned and need not be considered. See *Payne*, 285 Mich App at 188; *McPherson*, 263 Mich App at 136.

Affirmed.

/s/ Jonathan Tukel
/s/ Kathleen Jansen
/s/ Thomas C. Cameron